```
_____ FILED          _____ ENTERED
_____ LODGED         _____ RECEIVED
```

JUL 29 2024

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY

The Honorable Lauren King

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

                    Plaintiff,

      v.

TAD FULTON,

                    Defendant.

NO. CR22-180 LK

**PLEA AGREEMENT**

The United States, through United States Attorney Tessa M. Gorman and Assistant United States Attorney Casey S. Conzatti of the Western District of Washington and Tad Fulton and Mr. Fulton's attorneys Sadé A. Smith and Christopher Black enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

    1.    **The Charge**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment.

Plea Agreement - 1
*United States v. Tad Fulton*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

     a.     Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(C), and 846, a lesser included offense of Count 1 of the Indictment.

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document.  Defendant further understands that before entering any guilty plea, Defendant will be placed under oath.  Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.    **Elements of the Offense**.  The elements of Conspiracy to Distribute Controlled Substances, a lesser included offense of Count 1 of the indictment, to which Defendant is pleading guilty are as follows:

     a.     Beginning at a time unknown, but within the past five years, and continuing until on or about October 25, 2022, there was an agreement between two or more persons to distribute controlled substances including fentanyl, heroin, cocaine, and methamphetamine; and

     b.     The Defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

3.    **The Penalties**.  Defendant understands that the statutory penalties applicable to the offense to which Defendant is pleading guilty are as follows:

     a.     For the offense of Conspiracy to Distribute Controlled Substances, a lesser included offense of Count 1: A maximum term of imprisonment of up to 20 years, a fine of up to $1,000,000, a period of supervision following release from prison of at least three years and up to life, and a mandatory special assessment of one-hundred dollars.  If a probationary sentence is imposed, the probation period can be for up to five (5) years.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements.  Defendant further understands that, if supervised release is imposed and

Plea Agreement - 2
*United States v. Tad Fulton*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Defendant violates one or more of the conditions or requirements, Defendant could be

2  returned to prison for all or part of the term of supervised release that was originally

3  imposed.  This could result in Defendant serving a total term of imprisonment greater

4  than the statutory maximum stated above.

5      Defendant understands that as a part of any sentence, in addition to any term of

6  imprisonment and/or fine that is imposed, the Court may order Defendant to pay

7  restitution to any victim of the offense, as required by law.

8      Defendant further understands that the consequences of pleading guilty may

9  include the forfeiture of certain property, either as a part of the sentence imposed by the

10  Court, or as a result of civil judicial or administrative process.

11      Defendant agrees that any monetary penalty the Court imposes, including the

12  special assessment, fine, costs, or restitution, is due and payable immediately and further

13  agrees to submit a completed Financial Disclosure Statement as requested by the United

14  States Attorney's Office.

15      Defendant understands that, if pleading guilty to a felony drug offense, Defendant

16  will become ineligible for certain food stamp and Social Security benefits as directed by

17  Title 21, United States Code, Section 862a.

18      4.      **Immigration Consequences**.  Defendant recognizes that pleading guilty

19  may have consequences with respect to Defendant's immigration status if Defendant is

20  not a citizen of the United States.  Under federal law, a broad range of crimes are grounds

21  for removal, and some offenses make removal from the United States presumptively

22  mandatory.  Removal and other immigration consequences are the subject of a separate

23  proceeding, and Defendant understands that no one, including Defendant's attorney and

24  the Court, can predict with certainty the effect of a guilty plea on immigration status.

25  Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any

26  immigration consequences that Defendant's guilty plea(s) may entail, even if the

27  consequence is Defendant's mandatory removal from the United States.

Plea Agreement - 3
*United States v. Tad Fulton*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a.    The right to plead not guilty and to persist in a plea of not guilty;

    b.    The right to a speedy and public trial before a jury of Defendant's peers;

    c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e.    The right to confront and cross-examine witnesses against Defendant at trial;

    f.    The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h.    The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training,

Plea Agreement - 4
*United States v. Tad Fulton*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  medical care, or other correctional treatment in the most effective manner; (7) the kinds

2  of sentences available; (8) the need to provide restitution to victims; and (9) the need to

3  avoid unwarranted sentence disparity among defendants involved in similar conduct who

4  have similar records.  Accordingly, Defendant understands and acknowledges that:

5          a.      The Court will determine Defendant's Sentencing Guidelines range

6  at the time of sentencing;

7          b.      After consideration of the Sentencing Guidelines and the factors in

8  18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

9  maximum term authorized by law;

10         c.      The Court is not bound by any recommendation regarding the

11  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

12  range offered by the parties or the United States Probation Department, or by any

13  stipulations or agreements between the parties in this Plea Agreement; and

14         d.      Defendant may not withdraw a guilty plea solely because of the

15  sentence imposed by the Court.

16     7.     **Ultimate Sentence**.  Defendant acknowledges that no one has promised or

17  guaranteed what sentence the Court will impose.

18     8.     **Statement of Facts**.  The parties agree on the following facts.  Defendant

19  admits Defendant is guilty of the charged offense:

20         a.      Beginning at a time unknown, and continuing until at least October

21  25, 2022, the Defendant, Tad Fulton, conspired with others known and unknown,

22  including those named in the indictment, to distribute controlled substances, including

23  fentanyl, heroin, cocaine, and methamphetamine, within the Western District of

24  Washington.

25         b.      During the conspiracy, Mr. Fulton ordered fentanyl pills, cocaine,

26  methamphetamine, and heroin from his conspirators which he then redistributed.  Specific

27  examples of this include a call placed by Mr. Fulton on May 7, 2022, at approximately

Plea Agreement - 5
*United States v. Tad Fulton*, CR22-180 LK

1:01 p.m., to his co-defendant, Jose Paleo, where Mr. Fulton ordered 1,000 fentanyl pills and one ounce of fentanyl powder. Additionally, on May 20, 2022, at approximately 6:27 p.m., Mr. Fulton called Mr. Paleo and ordered 2,000 fentanyl pills, and one ounce of cocaine. During the call Mr. Fulton also attempted to order heroin but was informed by Mr. Paleo that Mr. Paleo did not have heroin at the time. Later that same day, at approximately 8:34 p.m., Mr. Fulton ordered one pound of methamphetamine, and one ounce of fentanyl powder from Mr. Paleo. Mr. Fulton was supplied with the controlled substances he ordered by members of the conspiracy, including Mr. Paleo.

      c.     On October 25, 2022, agents executed a search warrant at Mr. Fulton's residence. During the execution of the warrant, agents recovered approximately 200 gross grams of fentanyl pills, 150 gross grams of cocaine, and 30 gross grams of heroin. The investigation revealed that Mr. Fulton purchased approximately 1,000 fentanyl laced pills per week from his distributors to redistribute. Agents found $1,758.13 in cash drug proceeds on Mr. Fulton's person. This cash was proceeds of the drug trafficking conspiracy. The controlled substances located inside Mr. Fulton's residence were possessed by Mr. Fulton for the purpose of distribution. Mr. Fulton knowingly conspired and agreed with his co-conspirators to distribute these controlled substances to others for profit.

      The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

      9.    **Sentencing Factors**.  The parties agree that the following Sentencing Guidelines provisions apply to this case:

      a.     A base offense level of 30, as the relevant conduct involved at least 1,000 kilograms, but less than 3,000 kilograms of converted drug weight.

Plea Agreement - 6
*United States v. Tad Fulton*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    The parties agree they are free to present arguments regarding the applicability of
2    all other provisions of the United States Sentencing Guidelines.  Defendant understands,
3    however, that at the time of sentencing, the Court is free to reject these stipulated
4    adjustments, and is further free to apply additional downward or upward adjustments in
5    determining Defendant's Sentencing Guidelines range.

6    10.    **Acceptance of Responsibility.**  At sentencing, *if* the Court concludes
7    Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant
8    to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will
9    make the motion necessary to permit the Court to decrease the total offense level by three
10   (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the
11   United States by timely notifying the United States of Defendant's intention to plead
12   guilty, thereby permitting the United States to avoid preparing for trial and permitting the
13   Court to allocate its resources efficiently.

14   11.    **Recommendation Regarding Imprisonment**.  Pursuant to Federal Rule of
15   Criminal Procedure 11(c)(1)(B), the government agrees to recommend at the time of
16   sentencing that the appropriate term of imprisonment to be imposed by the Court is a
17   term of imprisonment no more than 60 months. Defendant understands that this
18   recommendation is not binding on the Court and the Court may reject the
19   recommendation of the parties and may impose any term of imprisonment up to the
20   statutory maximum penalty authorized by law.   Defendant further understands that
21   Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the
22   Court.   Except as otherwise provided in this Plea Agreement, the parties are free to
23   present arguments regarding any other aspect of sentencing.

24   12.    **Forfeiture of Assets**. Defendant understands the forfeiture of property is
25   part of the sentence that must be imposed in this case.

26   Defendant agrees to forfeit to the United States immediately all of his right, title,
27   and interest in any and all property, real or personal, that was used, or intended to be

Plea Agreement - 7
*United States v. Tad Fulton*, CR22-180 LK

1  used, in any manner or part, to commit, or to facilitate the commission of *Conspiracy to*

2  *Distribute Controlled Substances*, the lesser included offense of that charged in Count 1

3  of the Indictment, and any property constituting, or derived from, any proceeds

4  Defendant obtained, directly or indirectly, as the result of this offense. This property is

5  subject to forfeiture pursuant to Title 21, United States Code, Section 853(a) and includes

6  but is not limited to the $1,758.13 in cash drug proceeds seized from Defendant's person

7  on or about October 25, 2022.

8       Defendant agrees to fully assist the United States in the forfeiture of the above-

9  described property and to take whatever steps are necessary to pass clear title to the

10  United States, including but not limited to: surrendering title and executing any

11  documents necessary to effect forfeiture; assisting in bringing any property located

12  outside the United States within the jurisdiction of the United States; and taking whatever

13  steps are necessary to ensure that property subject to forfeiture is not sold, disbursed,

14  wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file

15  a claim to any such property in any federal forfeiture proceeding, administrative or

16  judicial, which may be or has been initiated. Defendant also agrees he will not assist any

17  party who may file a claim to this property in any federal forfeiture proceeding.

18       The United States reserves its right to proceed against any remaining property not

19  identified in this Plea Agreement, including any property that constitutes or was derived

20  from proceeds of, or was used or intended to be used to facilitate his commission of

21  *Conspiracy to Distribute Controlled Substances*, the lesser included offense of that

22  charged in Count 1 of the Indictment.

23      13.    **Abandonment of Contraband**.  Defendant also agrees that, if any federal

24  law enforcement agency seized any illegal contraband that was in Defendant's direct or

25  indirect control, Defendant consents to the federal administrative disposition, official use,

26  and/or destruction of that contraband.

27

Plea Agreement - 8
*United States v. Tad Fulton*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services

Plea Agreement - 9
*United States v. Tad Fulton*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16.    **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable).

Defendant also agrees that, by entering the guilty pleas required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation, or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction. Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of

Plea Agreement - 10
*United States v. Tad Fulton*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17.    **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

18.    **Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//

//

//

Plea Agreement - 11
*United States v. Tad Fulton*, CR22-180 LK

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19. **Completeness of Plea Agreement**.  The United States and Defendant
acknowledge that these terms constitute the entire Plea Agreement between the parties,
except as may be set forth on the record at the change of plea hearing in this matter.  This
Plea Agreement binds only the United States Attorney's Office for the Western District
of Washington.  It does not bind any other United States Attorney's Office or any other
office or agency of the United States, or any state or local prosecutor.

Dated this 21ᵗʰ day of July, 2024.


TAD FULTON
Defendant


SADÉ A. SMITH
CHRISTOPHER BLACK
Attorneys for Defendant


VINCENT T. LOMBARDI
Assistant United States Attorney


CASEY S. CONZATTI
Assistant United States Attorney

Plea Agreement - 12
*United States v. Tad Fulton*, CR22-180 LK